UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 09-60812-CIV-COHN/SELTZER

STAR-BRITE DISTRIBUTING, INC.,

    Plaintiff,

vs.

KOP-COAT, INC.,

    Defendant.

_____/

## ORDER DENYING MOTIONS

**THIS CAUSE** is before the Court on Kop-Coat's Emergency Motion for Modification of Court's August 31, 2009 Order Granting Preliminary Injunction and for Sanctions [DE 56], Plaintiff's Motion for Order to Show Cause [DE 60], Plaintiff's Third Amended Complaint [DE 65], Defendant's Motion to Dismiss Count III of Second Amended Complaint [DE 58] and Defendant's Motion for Extension of Time [DE 59]. The Court has carefully considered the motions and relevant responses and supplement to those motions [DE's 57, 61 and 64], and is otherwise advised in the premises.

I.  BACKGROUND

On June 30, 2009, Plaintiff Star-Brite Distributing, Inc. ("Plaintiff") filed an Amended Motion for Preliminary Injunction against naming Kop-Coat, Inc.  Star-Brite asserts claims for false advertising under the federal Lanham Act (Count I), for violation of Florida's Deceptive and Unfair Trade Practices Act (Count II), for violation of Florida's false advertising statute, Fla. Stat. § 817.41 (Count III), and a claim for

common law unfair competition.  Plaintiff sought a preliminary injunction to stop Kop-Coat from running print advertisements stating that certain lab tests show Valvtect Ethanol Gasoline Treatment ("VEGA") outperforms StarTron, the competing Star-Brite product.  The Court held a two-day hearing on the motion for preliminary injunction on July 23, 2009 and August 10, 2009.  Prior to completion of the hearing, on July 31, 2009, the Court granted in part an agreed order to control the placement of ads during the time the Court would finish the hearing and issue a ruling.  After receiving written closing arguments on August 18 and 19, the Court issued a preliminary injunction against Valvtect's comparison ads on August 31, 2009.  The injunction included a directive to Valvtect to "immediately take the necessary action to prevent further publishing of the Comparison Ads in any form of media."  Order Granting Preliminary Injunction at pp. 15-16 [DE 51].

     The next day, Valvtect issued a press release entitled "Court Finds Valvtect's Comparison Ad Was Not False."  The press release did not mention the issuance of an injunction against the comparison ads, but included the statement "nor did the court order prevent Valvtect from placing future ads comparing the performance of Valvtect Ethanol Gasoline Treatment and StarTron."  Exhibit A to Star-Brite's Opposition to Motion [DE 57].  Shortly after that press release, Star-Brite issued its own press release entitled "Starbrite Granted Injunction Against Valvtect."  Exhibit B to Valvtect's Emergency Motion [DE 56].  This release described the Court as finding that the ads were "false or misleading" in two sentences, and "false and misleading" in one instance and "false and deceptive" in another instance.

In early October or late September, the October issue of Soundings magazine was published, which included an advertisement touting Valvtect's winterizing qualities against "the competition," and noting that Valvtect's product has been laboratory tested, specifically mentioning some of the same tests that were the subject of the injunction proceeding.  See Exhibit A to Motion for Order to Show Cause [DE 60-1].  This advertisement was placed on August 18, 2009, after the Agreed Order but prior to the Preliminary Injunction Order.  See Exhibit B to Motion [DE 60-2].

## II.  DISCUSSION

### A.  Defendant's Motion for Modification

Defendant moves this Court to modify the injunction to increase the amount of bond required of Plaintiff Star-Brite because of the allegedly misleading press release issued by Star-Brite.  Without even reaching a discussion of the legal standard for granting such a modification, the Court is convinced that the Star-Brite press release in question was issued in response to Kop-Coat's own misleading press release.  While the parties have some freedom to "spin" in the realm of public opinion what court orders mean to the marketplace, neither side is free to mislead the public about the issuance and substance of an injunction.

Kop-Coat argues that because the Star-Brite press release refers to the Valvtect ad as "false," when the Court concluded that the ad was "not literally false, but misleading," Star-Brite must be sanctioned for such a reference.  In fact, Star Brite's press release refers twice to the ruling as finding "false or misleading" advertisements.

As to the use of the term "false" when not part of the clause "false or misleading," Star-Brite argues that the Court's finding that something is not "literally false" could mean that the ad is just "false," particularly if also found misleading.  In the context of responding to the Kop-Coat ad that misrepresents the Court's injunction, the Court will not grant Kop-Coat relief by modifying the injunction or issuing sanctions against Star-Brite.  This decision is by no means condoning "two wrongs equal a right."  Rather, in deciding whether to grant equitable relief to Kop-Coat, the Court must place Star-Brite's conduct in context.

The Court must note that the Kop Coat press release that was issued first contains a quotation from Jerry Nessenson, Valvtect's President, that the court did not find the ads false, order a retraction, "nor did the court order prevent Valvtect from placing future ads comparing the performance of Valvtect Ethanol Gasoline Treatment and StarTron." The injunction, however, enjoined Defendant from "advertising or marketing of any comparison ads based upon any testing regarding fuel stability, corrosion control or water control as depicted in the Comparison Ads."   Order Granting Preliminary Injunction at p. 15.   The press release minimized the actual language of the injunction in such a way as to be misleading.  Therefore, the Court will not penalize Plaintiff for attempting to set the record straight with its own release.

### B.  Plaintiff's Motion for Order to Show Cause

Plaintiff Star-Brite has moved for this Court to issue an order to show cause to Defendant as to why it should not be held in civil contempt for violating the Agreed

Order by placing the winterizing comparison ad on August 18, knowing publication would be in late September or early October.  The standard for a finding of contempt is clear and convincing evidence.  See Reynolds v. McInnes, 338 F.3d 1201, 1211 (11th Cir. 2003).  Defendant argues that the ad placed August 18 is not a "Comparison Ad" under the terms of the Agreed Order because it does not mention Star-Brite by name, but rather refers to "the Competition."  Defendant also cites to case law stating that irreparable harm is presumed when an ad compares two products, implying that a comparison ad must name the second product to be a "comparison ad."  North American Medical Corp. v. Axiom Worldwide, Inc., 522 F.3d 1211, 1227 (11th Cir. 2008).  The Court therefore concludes that Plaintiff has not met its burden to show that Defendant should be subject to an order to show cause regarding civil contempt.[1]

In its response, Defendant seeks sanctions against Plaintiff for failure to fully comply with the Local Rule 7.1.A.3 requirement of conferring with counsel before filing such a motion.  Plaintiff did confer with Defendant in the context of an alleged violation of the injunction, wherein Defendant responded with copies of emails showing the ad was placed prior to the injunction being entered.  While it is not clear that Plaintiff conferred with Defendant regarding an alleged violation of the earlier Agreed Order, it is clear that such a conference would have been futile, as the parties would not have

---

[1] Plaintiff did not raise this issue but the Court feels compelled to mention that the injunction did place a duty on Defendant to take necessary action to prevent further publishing of any of the Comparison Ads.  Defendant did not argue that it took any steps to call back the ad placed on August 18 and not to be published for one month after the Court's injunction.  Presumably, Defendant would make the same argument that the winterizing ad published in the October editions was not a "Comparison Ad" because it did not name Plaintiff's product.

agreed to resolve the issue of an alleged violation.  The Court will not issue sanctions as requested by Defendant.

### C.  Motions Regarding Pleadings

Defendant has moved to dismiss Count III of the Second Amended Complaint because it seeks injunctive relief which Defendant asserts is not authorized by Florida Statutes § 817.41 (governing false advertising).  In its Third Amended Complaint, Plaintiff has removed the demand for this remedy on this Count.  Therefore, the Motion to Dismiss can be denied as moot.[2]

### III.  CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Kop-Coat's Emergency Motion for Modification of Court's August 31, 2009 Order Granting Preliminary Injunction and Motion for Sanctions [DE 56] is hereby **DENIED**;

2. Plaintiff's Motion for Order to Show Cause [DE 60] is hereby **DENIED**;

3. Defendant's Motion to Dismiss Count III of Second Amended Complaint [DE 58] and Defendant's Motion for Extension of Time [DE 59] are hereby **DENIED as moot**;

4. Defendant shall file an Answer to the Third Amended Complaint by November 4,

---

[2] Defendant had also moved for an extension of time to respond to Counts I, II and IV until its motion as to Count III was resolved.  This motion is now moot as well.

2009.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 22nd day of October, 2009.

_____
JAMES I. COHN
United States District Judge

Copies furnished to:

Leonard Samuel, Esq./Gregory Haile, Esq.
Robert Ferencik, Jr./Lisa North, Esq.