UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 09-60812-CIV-COHN/SELTZER

STAR-BRITE DISTRIBUTING, INC.,

    Plaintiff,

vs.

KOP-COAT, INC.,

    Defendant.
_____/

## ORDER DENYING MOTION TO DISMISS COUNTERCLAIMS

**THIS CAUSE** is before the Court on Plaintiff Star Brite's Motion to Dismiss Counts I and II of the Counterclaim [DE 74]. The Court has carefully considered the motion, response [DE 77] and reply thereto [DE 79], and is otherwise fully advised in the premises.

### I.  BACKGROUND

Plaintiff Star-Brite Distributing, Inc. ("Plaintiff") filed this action against Defendant Kop-Coat, Inc. for false advertising under the federal Lanham Act (Count I), for violation of Florida's Deceptive and Unfair Trade Practices Act (Count II), for violation of Florida's false advertising statute, Fla. Stat. § 817.41 (Count III), and a claim for common law unfair competition. Third Amended Complaint [DE 65].[1] The Court granted Plaintiff's motion for a preliminary injunction to stop Kop-Coat from running print advertisements stating that certain lab tests show Valvtect's Ethanol Gasoline Treatment ("VEGA") outperforms StarTron, the competing Star-Brite product [DE 51].

---

[1] Similar claims were alleged in the initial Complaint.

On November 4, 2009, Kop-Coat filed its Answer and Affirmative Defenses and Counterclaim against Star-Brite, including counterclaims under the Lanham Act for trade disparagement and false advertising [DE 67].  Star-Brite has moved to dismiss Counts I and II of the Counterclaim.

The Counterclaim is based upon alleged false statements about Valvtect's products and advertisements made in Star-Brite's Powerpoint presentation presented to some marine industry retailers and posted on Star-Brite's website, as well as upon a press release issued by Star-Brite after the Court entered its preliminary injunction in this case.  Before Star-Brite issued its press release, Valvtect issued a press release the day after the preliminary injunction was entered entitled "Court Finds Valvtect's Comparison Ad Was Not False."  The press release did not mention the issuance of an injunction against the comparison ads, but included the statement "nor did the court order prevent Valvtect from placing future ads comparing the performance of Valvtect Ethanol Gasoline Treatment and StarTron."  Exhibit A to Star-Brite's Opposition to Motion to Modify Injunction [DE 57].  Shortly after that press release, Star-Brite issued its own press release entitled "Starbrite Granted Injunction Against Valvtect."  Exhibit C to Kop-Coat's Counterclaim [DE 67-3].  This release described the Court as finding that the ads were "false or misleading" in two sentences, and "false and misleading" in one instance and "false and deceptive" in another instance.  It is the statements in Star-Brite retaliatory press release referring to Valvtect's advertising as "false" that is part of Kop-Coat's Lanham Act counterclaims.

## II.  DISCUSSION

### A.  Motion to Dismiss

Until the Supreme Court decision in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), courts routinely followed the rule that, "a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff could prove no set of facts in support of his claim which would entitle him to relief."  Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Marsh v. Butler County, 268 F.3d 1014, 1022 (11th Cir. 2001).  However, pursuant to Twombly, to survive a motion to dismiss, a claim must now contain factual allegations which are "enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  550 U.S. at 555.   "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Id.  Taking the facts as true, a court may grant a motion to dismiss when, "on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action."  Marshall Cty. Bd. of Educ. v. Marshall Cty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993).  In Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949-50 (2009), the Supreme Court further stated that a court need not accept legal conclusions as true, but only well-pleaded factual allegations are entitled to an assumption of truth.  This standard applies to Rule 12(b)(6) motions to dismiss counterclaims as well.

### B.  Press Release as Commercial Advertising or Promotion

The Court notes at the outset that the motion to dismiss is solely directed at the Star-Brite press release, though Count I of the Counterclaim rests upon **both** the press release and the Powerpoint presentation, and Count II only rests upon the Powerpoint presentation.  Although neither of Kop-Coat's counterclaims would be dismissed if the Court agrees with Star-Brite regarding its press release, the Court will nevertheless rule upon whether the press release can remain part of Count I of the Counterclaim.

The Lanham Act provides that a person can be liable in a civil action for using false or misleading representations of fact which "in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities."  15 U.S.C. § 1125 (a)(1)(B) (West 2009).  Star-Brite argues that its press release is not "commercial advertising or promotion" and does not misrepresent the "nature, characteristics, or qualities" of Valvtect's VEGA product.  Star-Brite bases its argument in part upon this Court's prior ruling that the Star-Brite press release did not warrant sanctions against Star-Brite in the form of modifying the injunction.  However, that prior ruling was in the context of sanctions and modification of the injunction and was not a conclusion that an independent counterclaim could not be brought based upon the press release.

The decision in this case rests upon interpretation of 15 U.S.C. § 1125(a)(1)(B).[2]

---

[2] The Court notes that many of Star-Brite's arguments relate to the merits of Kop-Coat's Lanham Act counterclaims.  In the motion to dismiss context, the Court is merely concerned with whether the counterclaims rise above the speculative level.

4

Both sides present mainly unpublished decisions in which some press releases were determined to only pertain to a lawsuit between the parties and thus were not "commercial advertising or promotion," while others were deemed to contain such commercial speech even though in the form of a press release.  Compare Porous Media Corporation v. Pall Corporation, 201 F.3d 1058 (8th Cir. 2000) and Paradigm Alliance, Inc. v. Celeritas Technologies, LLC, 2009 WL 3045464 (D. Kan. Sept. 22, 2009) with Berry Sterling Corp. v. Pescor Plastics, Inc., 215 F.3d 1351, 1999 WL 674515, at *7 (Fed. Cir. 1999) and Innovation Ventures LLC v. Body Dynamics, Inc., 2009 WL 877640 (E.D. Mich March 30, 2009).  This Court agrees with Kop-Coat that press releases could be actionable under the Lanham Act, depending upon the substance of the statements contained therein.

In analyzing the actual statements in the press release, Kop-Coat urges this Court to follow the test laid out by the United States Court of Appeals for the Tenth Circuit in Proctor & Gamble Co. v. Haugen, 222 F.3d 1262 (10th Cir. 2000).  In the absence of Eleventh Circuit precedent on this issue, which neither party nor the Court could find, this Court will follow the Tenth Circuit test.  The representations alleged to be misleading and "commercial advertising or promotion" must (1) be commercial speech, (2) by a defendant who is in commercial competition with the plaintiff, (3) for the purpose of influencing consumers to buy defendant's product, and (4) must be disseminated sufficiently to the relevant purchasing public to constitute "advertising" or "promotion" within that industry.  Haugen, 222 F.3d at 1273-74.

In this case, the Star-Brite press release is commercial speech. Such speech generally proposes a commercial transaction, are advertisements for a product, refer to a specific product, and has an economic motivation. <u>Bolger v. Youngs Drug Products Corp.</u>, 463 U.S. 60, 66-67 (1983). Linking a product to a public debate does not turn the material into noncommercial speech. <u>Id.</u> at 68 (citing <u>Central Hudson Gas & Electric Corp. v. Public Service Comm'n</u>, 447 U.S. 557, 563, n. 5 (1980)). Although the press release does not contain all of the characteristics of core commercial speech, it nonetheless promotes ethanol fuel additives in general and attacks Star-Brite's competitor's product. Star-Brite is a counter-defendant in competition with the counter-plaintiff and the press release is intended to influence consumers to buy StarTron rather than VEGA. Kop-Coat sufficiently alleges that the press release was placed in marine industry and online trade publication websites, constituting sufficient dissemination to the retailers who purchase the products. Counterclaim ¶ 20. The Court concludes that the Star-Brite press release is actionable "commercial advertising or promotion" within the context of 15 U.S.C. § 1125 (a)(1)(B).

### C.  **Nature, Characteristics or Qualities of Product or Commercial Activities**

Another close question the Court must decide is whether the language of the press release misrepresents the nature, characteristics, or qualities of Kop-Coat's VEGA product or Kop-Coat's commercial activities. 15 U.S.C. § 1125 (a)(1)(B). While the press release does not say anything about Kop-Coat's VEGA product, it nonetheless does attack Kop-Coat's commercial activities, namely Kop-Coat's

6

advertising campaign.  Fuente Cigar, Ltd. v. Opus One, 985 F.Supp. 1448, 1454 (M.D. Fla. 1997).  The press release therefore does allegedly misrepresent Kop-Coat's comparison advertisements, which are clearly commercial activities.[3]

### III.  CONCLUSION

The Court concludes that the motion to dismiss Counts I and II of the Counterclaims should be denied.  Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff Star Brite's Motion to Dismiss Counts I and II of the Counterclaim [DE 74] is hereby **DENIED**;

2. Plaintiff shall file an Answer to the all counts of the Counterclaim by March 18, 2010.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 4th day of March, 2010.

JAMES I. COHN
United States District Judge

Copies furnished to:

Leonard Samuel, Esq./Gregory Haile, Esq.
Robert Ferencik, Jr./Lisa North, Esq.

---

[3] The Court again makes clear (in case any party intends to issue another press release) that this conclusion in the context of a motion to dismiss merely allows the claim to proceed, but in no way comments on the merits of the claim, other than the claim is more than a speculative claim.  Counter-defendants remain free, as would any defendant, to challenge the claims again at the summary judgment stage of this litigation.

7